UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY C.,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. C19-5994-BAT<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

      Plaintiff appeals the denial of his application for Disability Insurance Benefits. He contends the ALJ erred by misevaluating (1) the medical evidence; (2) plaintiff's testimony; (3) the lay evidence; and (4) residual functional capacity ("RFC"). Dkt. 8, at 2. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

      Plaintiff is currently 39 years old, has a GED, and has worked as a general manager. Tr. 37–40. He alleges disability beginning September 6, 2016. Tr. 144. In an October 2018 decision, the ALJ determined that plaintiff had the sole severe impairment of kidney stones and that he retained the RFC to perform light work with additional physical and postural limitations. Tr. 19, 21. Although the ALJ found that plaintiff could not return to his past relevant work, she found

that plaintiff was not disabled because he could sustain employment in other positions that exist in substantial numbers in the national economy. Tr. 25–26.

## DISCUSSION

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. *Schneider v. Comm'r of the SSA*, 223 F.3d 968, 973 (9th Cir. 2000). The Court finds that the ALJ's decision is not supported by substantial evidence and was the result of harmful legal error because it did not adequately account for medical and testimonial evidence when determining that plaintiff's mental disorders were non-severe and consequently did not adequately account for mental limitations in the RFC assessment and step five analysis. Because plaintiff's mental-health impairments are inextricably linked to his management of chronic pain, the Court refrains from affirming or reversing the ALJ's decision regarding the medical and testimonial evidence of pain so that pain and mental-health impairments may be evaluated together. The Court notes, however, that on remand the ALJ should, if necessary, address how plaintiff's medical management of pain and associated mental disorders with daily use of prescribed opioids, medical marijuana, and psychiatric medications can be reconciled with a conclusion that plaintiff's pain is so intermittent and lacking in severity as to not interfere with employability.

**1. Severity of Mental Disorders**

Plaintiff contends that the ALJ harmfully erred by determining that plaintiff's mental-health impairments are not severe and then by not accounting for the functional limitations stemming from those mental disorders when assessing RFC and evaluating step five. The Court agrees.

1   At step two of the five-step sequential inquiry, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. An impairment is not severe "[i]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1521(a) (2012). In determining severity, the ALJ must at step two consider the combined effect of all of the claimant's impairments on his ability to function, without regard to whether each alone was sufficiently severe, and consider subjective symptoms such as pain. *See* 42 U.S.C. § 423(d)(2)(B); SSR 16-3. The Ninth Circuit noted:

> [T]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. at 153–54, 107 S. Ct. at 2297–98 (1987) An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).

*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

In this case, the ALJ found plaintiff to suffer from a single severe impairment: kidney stones. The ALJ found that plaintiff's medically determinable impairments of generalized anxiety disorder, panic disorder, and depressive disorder, considered singly and in combination, do not cause more than a minimal limitation in his ability to perform basic mental work activities and are therefore non-severe. Tr. 19–20. This was so because the ALJ determined that plaintiff had no more than a mild limitation in every mental functional area: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. Tr. 20. The ALJ's evaluation was unsupported by substantial evidence and legally erroneous because it failed to address substantial medical and testimonial

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

evidence of plaintiff's mental health that indicated "more than a minimal limitation in [his] ability to do basic work activities." 20 C.F.R. 404.1520a(d)(1).

First, the ALJ did not adequately address the medical evidence of mental disorders that indicate more than a minimal limitation in the ability to do basic work activities. For example, in June 2016, i.e., three months before the alleged onset date of September 2016, plaintiff's GAD-7 score for anxiety disorders was 18 out of 21, indicating severe anxiety. Tr. 311. In November 2016 his GAD-2 score for anxiety disorders was 6 out of 6, and his PHQ-9 for major depressive disorder was 23 out of 27, indicating severe depression. Tr. 298. Throughout the relevant period, plaintiff was seen by medical providers for his mental disorders and was prescribed medications to control his anxiety, panic disorder, and depression, including Valium, Zoloft, and Buspar. *See, e.g.*, Tr. 554. This is in addition to his use of medical marijuana, opioid pain medications, and anti-nausea medications. *See, e.g.*, *id.* Although his medical providers did not opine about precise functional limitations, all found his chronic mental-health limitations necessitated daily medication and none have suggested that his account of limitations was feigned or exaggerated. *See, e.g.*, 287–88, 295, 304–05, 539, 574.

The ALJ did not discuss the medical evidence that plaintiff's mental limitations might have more than a minimal impact on his ability to work, instead plucking from the record instances in which plaintiff "maintained good eye contact, was calm and cooperative, and displayed a good sense of humor"; worked part-time in a consulting role and "[o]n examination . . . remained cooperative with a linear thought process"; and "described his anxiety as under good control, and helped by Valium and Zoloft."[1] Tr. 20. As the Ninth Circuit has noted:

---

[1] It should be noted that plaintiff described his anxiety as "under good control" several months *before* the alleged onset date, and added the caveat that he "admits that it is hard for him to judge." *See* Tr. 303. Moreover, that Valium and Zoloft are "helpful" for mental-health

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

"Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Similarly, the ALJ gave "[g]reat weight to the opinions of the DDS psychological consultants who reviewed plaintiff's file on initial and reconsideration review, because they are consistent with the record as a whole that shows the claimant has no severe mental impairment." Tr. 24 (citing Tr. 59–61, 72–75). That conclusory statement was, however, the ALJ's full discussion of the opinions of the non-examining psychological consultants. Those non-examining psychological opinions were themselves conclusory, notwithstanding the Commissioner's post hoc characterization of them as "detailed explanations." Dkt. 9, at 5. In labeling plaintiff's mental impairments as non-severe, the non-examining psychological consultants acknowledged that there could be problems with sustained concentration and persistence but concluded that "the degree of limitations alleged are not consistent w/ the evidence w/o supporting documentation." Tr. 74–75. This boilerplate refutation of severity is capped by an erroneous statement, repeated in the initial and reconsideration reviews, that "[m]edical evidence and ADL's indicate claimant remains capable of doing *sedentary* work," Tr. 61, 75 (emphasis added). In contrast, the psychological consultants twice concluded, and the ALJ accepted, that plaintiff could perform *light* work. *See* Tr. 62, 75 (can lift 20 pounds occasionally and 10 pounds frequently). Such identical, internal

---

symptoms, Tr. 20, does not indicate whether even while medicated his mental disorders might remain severe. In fact, in the notes cited by the ALJ in support of medication effectiveness, plaintiff indicated that being able to taper down on Valium "validated his thoughts that the Valium wasn't helping." Tr. 553. At the same visit, the clinician noted that "Zoloft appears to be helping keep the symptoms from being worse" but was considering whether to "[a]ugment Zoloft with buspar to see if the combination of the 2 might help the depression and anxiety better than Zoloft by itself and avoid the side effects related to higher doses of Zoloft." Tr. 554.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

inconsistencies committed by using identical language do not suggest "detailed explanations"; they suggest the cutting and pasting of stock language from other case files.

Second, the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony about mental limitations. *Rollins v. Massanari*, 261 F.3d 853, 859 (9th Cir. 2001). Plaintiff testified that he was suicidal at work and that his co-workers voiced concerns about his state of mind. Tr. 47. The ALJ did not specifically address plaintiff's testimony about mental limitations at all.

Third, the ALJ failed to state germane reasons for rejecting the lay testimony of plaintiff's employer, his wife, and his daughter about his mental limitations. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Plaintiff's employer substantiated plaintiff's testimony about mental limitations by noting that in 2015 and 2016 plaintiff was having frequent outbursts and lashing out at employees and himself. Tr. 276. This culminated in an incident that marks the alleged date of disability in September 2016:

> [Plaintiff] had come in to work shouting obscenities about the company and the people he works with and threatening to kill himself. After this incident I put him on paid leave for 2 weeks until I returned from my trip. After considering all of the circumstances; the frequency of outbursts, the fact that it wasn't likely to get better but actually was likely to get worse, I decided to terminate him from his position as general manager.

Tr. 276. The ALJ gave little weight to the statements of plaintiff's employer because he "provided information about the claimant's work ability in his full-time managerial position, prior to his alleged onset date." Tr. 24. That reason was not germane to plaintiff's mental-health condition. Plaintiff's employer stated that he fired plaintiff from his position as general manager because he was belligerent and threatening suicide and from that point forward plaintiff stopped working full-time. That is directly relevant to an inquiry about when plaintiff ceased having the

capacity to work full-time. Similarly, the ALJ could not reasonably discount as "vague" the employer's statement that plaintiff's current part-time employment is sometimes almost too much. There is nothing vague about the employer's statement that based on his experience as plaintiff's supervisor for many years, plaintiff's chronic pain and mental condition rendered him incapable of performing work for more than 1-2 hours per day and then only if plaintiff has infrequent contact with customers and employees. Tr. 276.

The ALJ's stated no reasons at all for rejecting the lay testimony about plaintiff's mental-health condition by plaintiff's wife and daughter. Tr. 277–80. Wife and daughter both referred to plaintiff's mental stupor due to medications, a volatile temper, and suicidal ideation. *Id.* The ALJ evaluated those opinions only as they referred to physical limitations. *See* Tr. 24. It was harmful error for the ALJ to discount the testimony by plaintiff's wife and daughter without considering the impact of plaintiff's mental limitations on his ability to work. *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

The Court finds that the ALJ erred as a matter of fact and law because she did not adequately account for relevant medical evidence, plaintiff's testimony, and lay testimony when determining that plaintiff's mental limitations were non-severe. This error was harmful because plaintiff's mental impairments were not adequately considered in the RFC assessment and the step five evaluation.

**2. Other Issues**

There is no dispute that plaintiff's mental-health condition is inextricably related to his management of chronic pain. There is, however, a dispute about the frequency and severity of plaintiff's pain. For example, the ALJ discounted plaintiff's testimony about suffering daily pain by referring to his 2017 report that he experienced episodes of flank pain only once or twice a

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

month. Tr. 23 (citing Tr. 588, 591). On remand, the ALJ should reexamine both plaintiff's mental limitations as well as how pain is or is not related to plaintiff's mental and physical impairments. The reexamination should indicate how the severity of plaintiff's mental and physical impairments can be reconciled with the long-term management of plaintiff's pain and mental health through the daily use of opiate pain killers, medical marijuana, and psychiatric medications.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should revisit on an open record the sequential analysis from step two forward, hold a new hearing, and issue a new decision. The Court neither affirms nor reverses the ALJ's consideration of plaintiff's pain so that the severity and frequency of plaintiff's pain may be reexamined in conjunction with plaintiff's related mental-health limitations.

DATED this 11th day of June, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge